UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01984-RLY-TAB |
| | ) | |
| EAGLE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COUNTS OF COPYRIGHT INFRINGEMENT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

The *pro se* Plaintiff, Larry G. Philpot, brings this action for copyright infringement against the defendant, Eagle Communications, Inc., seeking statutory damages in the amount of $175,000, plus attorney fees. Eagle Communications moves to dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In the alternative, Eagle Communications moves to transfer this action to the United States District Court for the District of Kansas under 28 U.S.C. § 1406(a). For the reasons set forth below, Eagle Communications' motion to dismiss for lack of personal jurisdiction and improper venue is **GRANTED**, and its alternative motion to transfer is **GRANTED**.

**I.     Background**

Philpot is a professional photographer who works exclusively with concert events across the United States, and resides in Indianapolis, Indiana. (Complaint ¶ 7). On

1

October 4, 2009, Philpot attended a Willie Nelson concert in St. Louis, Missouri and photographed the musician in performance. (*Id.* ¶ 8). Philpot alleges that he obtained a copyright for the image on September 5, 2012, and that Eagle Communications infringed his copyright in the Nelson Photograph by displaying it on the website www.pandhandlepost.com, (*id.* ¶¶ 12-13).

Eagle Communications is an employee-owned company located in Hays, Kansas. It owns and operates radio stations in Kansas, Missouri, and Nebraska and cable television systems in Kansas, Nebraska, and Colorado. (Filing No. 11-1, Declaration of Gary D. Shorman ("Shorman Dec.") ¶ 3). Eagle Communications does not own property in Indiana, advertise in Indiana, maintain employees in Indiana, or conduct business within Indiana. (*Id.* ¶ 5).

**II.    Discussion**

    **A.    Motion to Dismiss for Lack of Personal Jurisdiction**

        **1.    Standard of Review**

When "the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). As such, a plaintiff need only make a prima facie showing of jurisdiction. *See Felland v. Clifton*, 682 F.3d 655, 672 (7th Cir. 2012). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research*, 338 F.3d at 782.

The court's exercise of jurisdiction over the defendant must comport with both the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Felland*, 682 F.3d at 672. Because Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a), expands personal jurisdiction to the full extent permitted by the Due Process Clause, *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 966-67 (Ind. 2006), the sole inquiry before the court is whether exercising personal jurisdiction over Eagle Communications would offend due process.

Personal jurisdiction over a nonresident defendant meets the standard of due process when the defendant has established minimum contacts within the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction may be either general or specific. General jurisdiction over a defendant exists where the defendant has continuous and systemic business contacts with the state, even where those contacts do not relate to the action at issue. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (discussing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). Specific jurisdiction, on the other hand, "exists for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citing *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998)).

**2.    Specific Jurisdiction**

3

Plaintiff argues the court has specific personal jurisdiction over Eagle Communications under the "effects" test first articulated by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, a California actress brought an action in California state court against two *National Enquirer* employees for their involvement with an allegedly libelous article written about plaintiff. The defendants, both residents of Florida, challenged personal jurisdiction in the California court. Although the article was written in Florida, "the brunt of the harm, in terms both of [plaintiff's] emotional distress and the injury to her professional reputation, was suffered in California." *Id.* at 788-89. The Supreme Court held that personal jurisdiction over the defendants was proper in California based on the "effects" of their Florida conduct in California. *Id.* at 789. In its analysis, the Court specifically noted that the defendants were "not charged with mere untargeted negligence," but rather with undertaking intentional, and allegedly tortious, actions "expressly aimed at California." *Id.* Under these circumstances, the Court concluded that defendants "must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article." *Id.* at 790 (citations omitted).

Here, Plaintiff argues the court has specific jurisdiction under *Calder* because "Plaintiff Philpot felt the harm in Indiana." In *Walden v. Fiore*, the Supreme Court specifically rejected this interpretation of *Calder*. 134 S.Ct. 1115, 1125 (2014) ("*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum."). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful

4

way." *Id*. In the absence of any evidence that Eagle Communications' conduct connects it to the forum in a meaningful way, the *Calder* effects test does not provide the means for the assertion of specific personal jurisdiction over the Defendants.

### 3. General Jurisdiction

Philpot argues that Eagle Communications' "contacts with Indiana are so extensive that if EAGLE is not substantially "at home" in Indiana, EAGLE isn't at home anywhere." (Response at 9-10). These "extensive contacts" may be categorized as follows:

(A) Sports Partnerships and Revenue

(B) Direct relationship with TV stations owned by Indiana-based Schurz Communications

(C) Streaming Radio for both music and sports

(Document 26 at 3.)

The Constitutional requirement for general jurisdiction is 'considerably more stringent' than that required for specific jurisdiction." *Purdue Research Found.*, 338 F.3d at 787 (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001)). In essence, a defendant's contacts must show that the defendant is effectively present to the "degree that it would be fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* Isolated and sporadic contacts with the forum state are insufficient. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (isolated and sporadic contacts with forum state, and the maintenance of a public website, are insufficient to establish

general jurisdiction); *Hotmix v. Bituminous Equip., Inc. v. Hardrock Equip. Corp.*, 719 N.E.2d 824, 830 (Ind. Ct. App. 1999) ("The facts of this case, namely that a nonresident defendant who had never been in Indiana, but had engaged in numerous phone calls, letters, and facsimile transmissions with the forum state regarding property located in Ohio, do not compel the conclusion that the minimum contacts necessary to establish jurisdiction are present."); *U.S. Schs. Of Golf, Inc. v. Biltmore Golf, Inc.*, No. 1:05-cv-313, 2005 WL 3022005, at *3 (S.D. Ind. Nov. 10, 2005) (holding that non-resident corporate defendants' multi-year business relationship with an Indiana corporation, communications with an Indiana corporation in Indiana, provision of services to Indiana residents, and the maintenance of website available to Indiana residents were "obviously far too modest to support general jurisdiction").

  Philpot argues that Eagle Communications' broadcasts of collegiate sports ties it to Indiana because the NCAA maintains its headquarters in Indianapolis.  Philpot, however, fails to establish any direct contractual relationship between Eagle Communications and the NCAA.  Similarly, Philpot argues that Eagle Communications' broadcasts of motorsports events held in Indianapolis make Eagle Communications subject to personal jurisdiction here.  Again, Philpot fails to show any direct contractual relationship between Eagle Communications and the Indianapolis Motor Speedway or any other Indiana company.

  In fact, Philpot alleges Eagle Communications has a direct relationship with only one Indiana company: Schurz Television Stations.  Yet Philpot admits that Schurz Television Stations do not broadcast television programs in Indiana.  *Id.* at 7.  Even if

6

Eagle Communications had a direct relationship with an Indiana corporation that relationship would not be sufficient grounds for general jurisdiction. "A collaborative effort with a single Indiana-based corporation is simply insufficient to satisfy the demanding standard set forth by the Supreme Court of the United States in *Helicopteros*." *Purdue Research Found.*, 338 F.3d at 788.

Finally, Philpot's argument that Indiana citizens can access Eagle Communications' website to listen to Eagle Communications' streaming online radio service constitutes sufficient minimum contacts is without merit. The Seventh Circuit has held that "[if] the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *b2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). Philpot offers no evidence that Eagle Communications' websites and online radio stream target Indiana citizens. While Indiana citizens may choose to visit Eagle Communications' website to listen to online radio, their personal choices do not subject Eagle Communications to the court's jurisdiction. *U.S. Schs. Of Golf, Inc.*, 2005 WL 30222005, at *4 ("The fact that Indiana residents can access defendants' website to purchase golf equipment and apparel is insufficient to subject it to general jurisdiction in the state."). Accordingly, Eagle Communications' motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**B.     Motion to Dismiss for Improper Venue**

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to seek dismissal for "improper venue." The plaintiff bears the burden of establishing that venue is proper.

7

*Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969); *see also Carroll v. CMH Homes, Inc.*, 2013 WL 960408, at *2 (S.D. Ind. March 12, 2013). In evaluating a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pleaded facts as true, and resolves any factual conflicts in the parties' submissions in the plaintiff's favor. *Moore v. AT&T Latin Am. Corp.*, 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001). The court may also consider evidence outside of the pleadings bearing on the issue. *Faulkenberg v. CB Tax Franchise Sys., L.P.*, 637 F.3d 801, 809-10 (7th Cir. 2011).

Venue is governed by 28 U.S.C. § 1391(b), which permits actions to be brought in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Philpot argues that venue in this judicial district is proper due to the presence of the physical Copyright Certificate and the photo's digital file in Indianapolis. *Id.* To support his argument, Philpot points to a footnote in a Second Circuit decision stating that it would "accept for purposes of the appeal the district court's implicit conclusion that copyrights have a location and that their location in this case is in [the state where the

copyright is held]." *Penguin Group (USA), Inc. v. American Buddha*, 609 F.3d 30, 36 n.4 (2nd Cir. 2010).

Philpot's reliance on Second Circuit precedent is misplaced. The federal venue statute for copyright cases states that suits "relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides." 28 U.S.C. § 1400(a). The Seventh Circuit has interpreted § 1400(a) as finding venue for copyright cases to be proper only where personal jurisdiction is proper. *In re LimitNone, L.L.C.*, 551 F.3d 572, 575 n.1 (7th Cir. 2008) ("We take no position on whether LimitNone's claims "aris[e] under" the Copyright Act, but note that we would reach the same conclusion if we applied the venue provision applicable to copyright actions."). As this court lacks personal jurisdiction over Eagle Communications, § 1391(b)(2) has no application to the present case.

Venue is also improper under § 1391(b)(1) and (b)(3). Eagle Communications does not reside in Indiana, does not operate in Indiana, own land in Indiana, advertise in Indiana, pay taxes in Indiana, employ workers in Indiana, or have any other traditional minimum contact within the state of Indiana. (Shorman Dec. ¶¶ 3, 5). In addition, none of the relevant events occurred within Indiana, as Philpot took the photograph in Missouri, and the stripping of its copyrights occurred online by a website owned by a Kansas company. (Complaint ¶¶ 8, 13). Accordingly, because venue in the Southern District of Indiana is improper, Eagle Communications' motion to dismiss for improper venue is **GRANTED**.

**C.    Motion to Transfer**

9

In the alternative, Eagle Communications moves to transfer this case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1406(a). (Filing 11 at 9). That statute provides, "in the interest of justice," the district court may transfer a case "laying venue in the wrong division or district" "to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

Here, the evidence reflects that Eagle Communications, located in Hays, Kansas, would be subject to personal jurisdiction in the United States District Court for the District of Kansas. In addition, the court finds transfer to the Kansas court is in the interests of justice due to the possible running of the three-year statute of limitations applicable to copyright infringement cases. Accordingly, Eagle Communications' alternative motion to transfer is **GRANTED**.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is **GRANTED**, and its alternative Motion to Transfer to the United States District Court for the District of Kansas is **GRANTED** (Filing No. 10). The Clerk of the Court is directed to effect transfer.

**SO ORDERED** this 8th day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to:
Larry G. Philpot
8125 Halyard Way, 1st Fl.
Indianapolis, IN  46236